UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:
JASON STONE,                                           Chapter 13

    Debtor.                                            Case No. 1-25-41900-ess

### DEBTOR'S VERIFIED COMBINED OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO STAY BANKRUPTCY PROCEEDINGS PENDING DETERMINATION OF ESTATE INTERESTS IN SURROGATE'S COURT

    COMES NOW Jason Stone ("Debtor"), appearing *pro se*, respectfully submits this *Verified Combined Opposition to the Motion for Relief from the Automatic Stay* filed by The Philomena Trust ("Movant") and simultaneously moves this Court to stay all further proceedings in this Chapter 13 case pending resolution of a *Petition to Reopen the Estate of Rosalie Arcos* currently filed in the Queens County Surrogate's Court. Debtor states as follows:

### I. PRELIMINARY STATEMENT

1.    Movant seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) to pursue eviction proceedings against the Debtor. This request must be denied because the underlying dispute is not a landlord-tenant matter, but a deeply entangled estate and trust controversy involving a 2019 codicil granting the Debtor a codicil in the overall estate and specifically a life estate in the subject property. That codicil, which is facially valid and supported by multiple affidavits and witnesses, has been repeatedly concealed or disregarded by Movant and their counsel in an effort to exploit the court system and remove an elderly man from his home without proper adjudication of his rights.

2.    The Surrogate's Court, not Housing Court or this Bankruptcy Court, has exclusive jurisdiction over the validity of testamentary instruments and claims of life estates under the New York Constitution and SCPA. Movant's attempts to mischaracterize the dispute as a simple tenancy issue is not only misleading, but demonstrably part of a broader pattern of misconduct.

3.      As recently as 2021, the prior trustees of the Arcos estate, Lavin and Calabrese, attempted to sell the property out from under the Arcos estate without its knowledge and despite knowing of Stone's interest.  So urgent was their attempts to sell the Property they even wrongfully used trust monies to pay off another tenant to vacate the Property. Worse, after attempts to pay Debtor to vacate failed, and the eviction case was stayed during Covid pandemic, the trustees engaged in a campaign of harassment to include physical assaults to drive Debtor from the property.

4.      The previous estate trustees misconduct as to the Property was so and serious and pervasive that Jasmine Arcos herself filed a petition to remove them for breach of fiduciary duty among other reasons. Yet, with full knowledge of the express estate bequests and gifts, the same trust entities now seek relief in this Court under color of their posthumous and disputed title.

5.      Compounding the misconduct, Arcos and her attorneys filed the codicil, will, and trust instruments in Housing Court <u>after the bankruptcy was filed</u>—a violation of the automatic stay—then attempted to withdraw the documents after being exposed in this Court by Debtor's Motion for Sanctions. Meanwhile, Housing Court ignored Debtor's *Order to Show Cause* challenging jurisdiction and barreled forward to attempt an eviction based on a record that included testamentary documents the court had no authority to interpret.  Testamentary documents the Trust had full knowledge of, but wrongfully withheld from the courts.

6.      This Court must deny the motion for stay relief and protect the integrity of the bankruptcy estate by issuing a temporary stay of proceedings until the Surrogate's Court determines the rightful interests in the estate and property.  The estate was never closed and never rightfully probated, including the codicil to Debtor.

## II. FACTUAL BACKGROUND

1. Debtor, an elderly individual, has continuously resided at 144-63 25th Drive, Flushing, NY since 2009 under a series of leases and long-term agreements with Rosalie Arcos.

2. On November 12, 2019, Rosalie Arcos executed a notarized codicil to her will granting the Debtor a life estate in the property and a 15% share of 50% of her estate and trust assets. *See generally*, **Exhibit A**.

3. Rosalie Arcos passed away on December 23, 2020. Her estate was improperly administered under Article 13 without notice to Debtor or inclusion of the codicil. Important for the Court to note is the estate and property of the decedent has never been closed by the Surrogate's Court nor properly administered.

4. Instead in 2021, after being sued for malfeasance, the trustees Lavin and Calabrese transferred the property to the Jasmine Arcos Irrevocable Trust, and in 2023, it was transferred (decanted) again to the Philomena Trust managed by Jasmine Arcos.

5. Trustees Lavin and Calabrese attempted to sell the property during 2021, including allegedly paying off another tenant to vacate. Debtor discovered and blocked the sale by asserting his codicil rights in New York Supreme Court by a *lis pendens*. Around this time, even Jasmine Arcos got involved and filed a petition to remove Lavin and Calabrese as trustees, citing in part a breach of fiduciary duty and failure to act in the best interest of beneficiaries.

6. Housing Court eviction proceedings were filed in 2021 and remained pending through 2025. The case was administratively delayed because of the pandemic and housing protections put in place. When the case resumed, Debtor filed an Order to Show Cause to

      dismiss based on lack of jurisdiction, citing the codicil and estate interest. However, Housing Court ignored this threshold jurisdictional point completely because the court stated a hearing had already been scheduled.

7. As stated, on April 21, 2025, Debtor filed this Chapter 13 case and Plan rejecting any claim of alleged rent owing (the claim was for over $30,000 based on some inexplicable calculation) and asserting his property rights in the Arcos estate. Three days later, on April 24, 2025, Arcos's attorney filed in Housing Court a *Motion in Limine* attaching the 2019 Codicil, Last Will, and trust documents—judicially confirming that the dispute is about estate and testamentary rights.

8. Debtor then filed a Motion for Sanctions in this Court for violation of the automatic stay as Arcos's counsel, Joan McGivern attempted to retract the Housing Court filings to obscure the probate nature of the dispute.

9. A Verified Petition to reopen the estate and probate the codicil is filed in Queens County Surrogate's Court, with a full evidentiary record of the codicil and its surrounding circumstances. The Estate was never closed.  **Exhibit A**.

## III. LEGAL ARGUMENT

### A. Relief from Stay Must Be Denied (11 U.S.C. § 362(d)(1))

10. A movant seeking relief from stay must show "cause." Here, there is none. Movant has not demonstrated clear ownership or a right to possession because those matters are the subject of a pending probate claim.  If the movant has shown anything, it is that they have been quite adapt at trying to wrongfully use the housing courts to gain possession over property that they have had full knowledge of that the decedent wished and specifically bequeathed no less than a life estate and intended to gift additional property by codicil.

       This has been willfully obfuscated by the trustees and their counsel despite the duty of candor to all tribunals.  Important is that the estate and codicil have never been closed or administered by the Surrogates court.  It is still valid and open in that Court.

11. Debtor has a colorable claim to a life estate and beneficial interest. The codicil is facially valid, notarized, and corroborated by third-party affidavits.

12. Under the New York Constitution (Art. VI, § 12) and SCPA § 1402, only the Surrogate's Court may adjudicate the validity of wills, codicils, and testamentary interests. Housing Court has no jurisdiction over those issues.

13. Movant filed the very codicil and trust documents in Housing Court, confirming the probate nature of the dispute, and knowing it was still an open estate and that it had not been properly administered. This was done after Debtor filed for bankruptcy, perhaps violating the automatic stay.

14. Movant's later attempt to retract those filings demonstrates a knowing abuse of the legal process.

15. The attempted eviction is part of a broader effort to displace Debtor from his rightful home, exploit court procedural gaps, and circumvent a forum competent to decide the matter.

      **B. Bankruptcy Proceedings Should Be Stayed (11 U.S.C. § 105(a))**

16. Under § 105(a), this Court may stay proceedings to preserve judicial economy, protect the estate, and avoid inconsistent rulings.

17. The probate court will determine the validity of the codicil and whether the property is part of the estate and subject to Debtor's interest.

18. Bankruptcy administration, including plan confirmation and property treatment, depends on this resolution.

19.	Judicial integrity and equity demand a pause while the proper court rules on ownership and intent.

## IV. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court:

A.	**Deny** the Motion for Relief from the Automatic Stay filed by The Philomena Trust;

B.	**Stay** all further bankruptcy proceedings pending resolution of the Surrogate's Court proceeding concerning the 2019 codicil and property rights;

C.	Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

I, Jason Stone, the Debtor herein, hereby verify under penalty of perjury that the factual statements made in the foregoing Combined Opposition and Motion are true and correct to the best of my knowledge.
Date this 1st day of July 2025.	**/s/ Jason Stone**
	Jason Stone
	144-63 25th Drive
	Flushing, NY 11354
	Debtor, Pro Se

## CERTIFICATE OF SERVICE

I, Jason Stone, the Debtor *pro se* in the above-captioned case, hereby certify that on July 1, 2025, I served a true and correct copy of the following documents:

i.	Debtor's Verified Combined Opposition to Motion for Relief from Stay and Motion to Stay Bankruptcy Proceedings; Exhibit A – Petition.

ii.	Proposed Order;

upon the following parties by either ECF (where registered) or by First-Class U.S. Mail, postage prepaid:

**Via ECF (where applicable):**

Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753

Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green Room 510
New York, NY 10004-1408

Joan M. McGivern, Esq.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP
33 West Second Street
Riverhead, NY 11901

Daniel R. Bernard, Esq.
Attorneys for J Alexandra Arcos
45 Route 25A, Suite A2
Shoreham, New York 11786

I declare under penalty of perjury that the foregoing is true and correct.

**/s/ Jason Stone**
Jason Stone
144-63 25th Drive
Flushing, NY 11354
Debtor, Pro Se

# EXHIBIT A

Petition to Probate the Estate of Rosalie Arcos and Admit 2019 Codicil
(Surrogate's Court, Queens County – Original File No. 2021-3346)

State of New York
Queens County Surrogate's Court
88-11 Sutphin Blvd
Jamaica, NY 11435
(718)298-0500

Receipt# 383479
July 1, 2025 12:59 PM

RE: FileName - Rosalie Arcos
File # 2021-3346/E

*** FEES OWED ***
1 Probate Petition & Appointment Of Administrator         $45.00
*** PAYMENTS ***
Credit Card                                               $45.00
*** TOTALS ***

Total Due                                                 $45.00
Total Tendered                                            $45.00

Received of: Jay Weinberg
Comment:
Operator  lvasquez

| | |
|---|---|
| **SURROGATE'S COURT OF THE STATE OF NEW YORK** | Filing Fee Paid $ _____ |
| COUNTY OF Queens | _____ Certs $ _____ |
| --------------------------------X | _____ Certs $ _____ |
| PROBATE PROCEEDING, _____ | $_____ Bond, Fee: $ _____ |
| | Receipt No:_____ No: _____ |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
--------------------------------X
PROBATE PROCEEDING, _____

WILL OF: Rosalie Arcos
a/k/a    Rosalie D. Arcos
_____
_____
_____ Deceased
--------------------------------X

**PETITION FOR PROBATE AND:**
☐ Letters Testamentary
☐ Letters of Trusteeship
☒ Letters of Administration c.t.a.
☐ Temporary Administration

FileNo. 2021-3346 (prior Voluntary Administration)

To the Surrogate's Court, County of Queens
It is respectfully alleged:

1. (a) The name, citizenship, domicile (or, in the case of a bank or trust company, its principal office) and interest in this proceeding of the petitioner are as follows:

Name: Jason _____ Stone
   (First)          (Middle)          (Last)

Domicile or Principal Office: 144-63 25th Drive, Flushing, NY 11354
   (Street and Number)

_____
(City, Village or Town)          (State)          (Zip Code)

Mailing Address: _____
(If different from domicile)

Citizen of: USA

Interest(s) of Petitioner(s). [Check one]  ☐ Executor(s) named in decedent's Will
   X Other (Specify) Legatee named in Codicil seeking Letters of Administration c.t.a.

1. (b) The proposed Executor  ☐ is   ☒ is not an attorney.
   [NOTE: A sole Executor-Attorney must comply with 22 NYCRR 207.16(e)]

1. (c) The proposed Executor  ☐ is   ☒ is not the attorney-draftsperson, a then-affiliated attorney or employee thereof.
   [NOTE: An attorney-draftsperson, a then-affiliated attorney or employee thereof must comply with SCPA 2307-a]

1. (d) The proposed Executor ☐ is  ☒ is not a convicted felon nor is he/she otherwise ineligible, pursuant to SCPA 707 to receive letters. If the proposed Executor is a convicted felon, submit a copy of the Certificate of Relief from Civil Disabilities.

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent as follows:
   (a) Name: Rosalie Arcos
   (b) Date of death December 23, 2020
   (c) Place of death Queens County, NY
   (d) Domicile: 144-51 25th Drive
       City, Town, Village Queens
       County  Queens          State  New York
   (e) Citizen of: USA

3. The Last Will, herewith presented, relates to both real and personal property and consists of an instrument or instruments dated as shown below and signed at the end thereof by the decedent and the following attesting witnesses:

| August 16, 2017 | Robyn Maynard and Paul Marchese |
|---|---|
| (Date of Will) | (Names of All Witnesses to Will) |
| November 12, 2019 | Michael Razner and Kerry Flahrety |
| (Date of Codicil) | (Names of All Witnesses to Codicil) |
| _____ | _____ |
| (Date of Codicil) | (Names of All Witnesses to Codicil) |

COPY ORIGINAL FILED

4. No other will or codicil of the decedent is on file in this Surrogate's Court, and upon information and belief, after a diligent search and inquiry, including a search of any safe deposit box, there exists no will, codicil or other testamentary instrument of the decedent later in date to any of the instruments mentioned in Paragraph 3 except as follows: **[Enter "NONE" or specify]**

**NONE**

5. The decedent was survived by distributees classified as follows: [Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1 and 4-1.2. State the **number** of survivors in each class. Insert "**NO**" in all prior classes. Insert "**X**" in all subsequent classes].

    a. **NO** Spouse (husband/wife).
    b. **X** Child or children and/or issue of predeceased child or children. **(1)**
        **[Must include marital, nonmarital, adopted, or adopted-out of child under DRL Section 117]**
    c. **NO** Mother/Father.
    d. **No** Sisters and/or brothers, either of the whole or half blood, and issue of predeceased sisters and/or brothers (nieces/nephews, etc.)
    e. **No** Grandparents. [Include maternal and paternal]
    f. **No** Aunts and/or uncles, and children of predeceased aunts and/or uncles (first cousins). [Include maternal and paternal]
    g. **No** First cousins once removed (children of predeceased first cousins). [Include maternal and paternal]

6. The names, relationships, domicile and addresses of all distributees (under EPTL 4-1.1 and 4-1.2), of each person designated in the Will herewith presented as primary executor, of all persons adversely affected by the purported exercise by such Will of any power of appointment, of all persons adversely affected by any codicil and of all persons having an interest under any other will of the decedent on file in the Surrogate's Court, are hereinafter set forth in subdivisions (a) and (b).

[If the propounded will purports to revoke or modify an inter vivos trust or any other testamentary substitute, list the names, relationships, domicile and addresses of the trustee and beneficiaries affected by the will in subparagraphs (a) and (b) below. **Submit trust agreement**]

COPY ORIGINAL FILED

(a) All persons and parties so interested who are of full age and sound mind or which are corporations or associations, are as follows:

| Name and Relationship | Domicile Address and Mailing Address | Description of Legacy, Devise or Other Interest, or Nature of Fiduciary Status |
|---|---|---|
| Raymond Arcos | 80 Forest Ave., Massapequa, NY 11758 | Son (not in Will or Codicil /Sole distributee under EPTL 4-1.1) |
| Rosalie Arcos Irrevocable Trust | inactive | Pour over Trust |
| Joseph C. Lavin | 100 Waterway Road, Apt 101E, Tequesta, FL 33469 | Executor/Trustee (removed) |
| Joseph Calabrese | 59 Ravenwood Drive, Kings Park, NY 11754 | Executor/Trustee (removed) |

(b) All persons so interested who are persons under disability, are as follows:
[Furnish all information specified in NOTE following 7b]

| Name and Relationship | Domicile Address and Mailing Address | Description of Legacy, Devise or Other Interest, or Nature of Fiduciary Status |
|---|---|---|
| NONE | | |

7. (a) The names and domiciliary of all substitute or successor executors and of all trustees, guardians, legatees, devisees, and other beneficiaries named in the Will and/or trustees and beneficiaries of any inter vivos trust designated in the propounded Will other than those named in Paragraph 6 herewith are as follows:

| Name and Relationship | Domicile Address and Mailing Address | Description of Legacy, Devise or Other Interest, or Nature of Fiduciary Status |
|---|---|---|
| Parish Mary's Nativity – St. Ann, real estate, trust and other assets) | 4602 Parsons Boulevard, Queens, NY 11365 | Codicil (10% of 50% of decedent's |

(b) All such legatees, devisees and other beneficiaries who are persons under disability are as follows: [Furnish all information specified in NOTE below]

| Name and Relationship | Domicile Address and Mailing Address | Description of Legacy, Devise or Other Interest, or Nature of Fiduciary Status |
|---|---|---|
| NONE | | |

COPY ORIGINAL FILED

[NOTE: In the case of each infant, state (a) name, birth date, relationship to decedent, domicile and residence address, and the person with whom he/she resides, (b) whether or not he/she has a court-appointed guardian (if not, so state), and whether or not his/her father and/or mother is living, and (c) the name and residence address of any court-appointed guardian and the information regarding such appointment. In the case of each other person under a disability, state (a) name, relationship to decedent, and residence address, (b) facts regarding his disability including whether or not a committee, conservator, guardian, or any other fiduciary has been appointed and whether or not he/she has been committed to any institution, and (c) the names and addresses of any committee, person or institution having care and custody of him/her, conservator, guardian, and any relative or friend having an interest in his/her welfare. In the case of a person confined as a prisoner, state place of incarceration and list any person having an interest in his/her welfare. In the case of unknowns, describe such person in the same language as will be used in the process.]

8. (a) No beneficiary under the propounded will, listed in Paragraph 6 or 7 above, had a confidential relationship to the decedent, such as attorney, accountant, doctor, or clergyperson, except: **[Enter "NONE" or indicate the nature of the confidential relationship]**. None Known

(b) No persons, corporations or associations are interested in this proceeding other than those mentioned above. None

9. (a) To the best of the knowledge of the undersigned, the approximate total value of all property constituting

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                                    Chapter 13

    Debtor.                                              Case No. 1-25-41900-ess

[proposed] **ORDER DENYING MOTION FOR RELIEF FROM STAY AND STAYING BANKRUPTCY PROCEEDINGS**

THIS MATTER having come before the Cout upon the motion of Debtor Jason Stone, appearing *pro se*, for entry of an order denying the Motion for Relief from the Automatic Stay filed by The Philomena Trust and further staying all bankruptcy proceedings pending resolution of a Surrogate's Court proceeding concerning the estate of Rosalie Arcos and a codicil dated November 12, 2019, and upon the record and filings in this case, it is hereby:

**ORDERED**, that the Motion for Relief from Automatic Stay filed by The Philomena Trust is **DENIED**; and it is further

**ORDERED**, that all further proceedings in this Chapter 13 case are hereby STAYED pending determination by the Queens County Surrogate's Court concerning the estate interests of the Debtor arising from the codicil dated November 12, 2019; and it is further

**ORDERED**, that the Debtor shall promptly notify this Court of any decision rendered by the Surrogate's Court on the pending Petition to Reopen Estate or related proceedings.

Done this _____ day of _____ 2025

Brooklyn, New York

                                                  _____
                                                  HON. ELIZABETH S. STONG
                                                  United States Bankruptcy Judge