**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                                    Chapter 13

Debtor.                                                         Case No. 1-25-41900-ess

**NOTICE OF MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY AND TO REIMPOSE AUTOMATIC STAY**

PLEASE TAKE NOTICE that Jason Stone, Debtor, appearing pro se, will move this Court pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b) to vacate the Order Granting Relief from Stay (Dkt. No. 25) entered on June 20, 2025 and to reimpose the automatic stay pending proper adjudication of Debtor's estate interests now before the Queens County Surrogate's Court.

The HEARING ON THIS MOTION shall be JULY 22, 2025 at 10:30AM *or otherwise shall be set according to the Court's calendar* at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201

Any objections must be filed and served under Local Bankruptcy Rule 9013-1.

**MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY AND TO REIMPOSE AUTOMATIC STAY**

**I.        PRELIMINARY STATEMENT**

1. Movant obtained an order lifting the automatic stay by manipulating the notice process and concealing the true nature of this dispute.

2. This is not a routine eviction but a testamentary controversy involving a valid 2019 codicil granting Debtor a life estate and estate share, which only the Surrogate's Court can adjudicate under NY Constitution Art. VI, § 12 and SCPA § 1402.

3. The codicil was actively concealed, misused in Housing Court, and then used as part of a flawed notice strategy designed to bypass Surrogate's jurisdiction and secure an order before that Court could rule.

1

## II.     FACTUAL BACKGROUND

4. Debtor has continuously resided at 14463 25th Drive, Flushing, NY (Property) since 2009 under leases with Rosalie Arcos.

5. On November 12, 2019, Rosalie Arcos executed a notarized codicil in part granting Debtor a life estate in the Property and a 15% share of 50% of her estate and trust assets.

6. Arcos died on December 23, 2020. Her estate was improperly administered under Article 13 by the then trustees and/or executors without notice to the Debtor or other beneficiaries, and without proper probate of the will or codicil. The estate remains open.

7. Trustees Lavin and Calabrese attempted to improperly sell the property despite Debtor's rights and other beneficiaries rights, they improperly used trust funds to payoff other tenants to leave the Property. Debtor refused a buyout and ultimately blocked the sale by filing a *lis pendens* asserting his life estate and other property rights under the codicil. However, later because Arcos filed in Housing court before the *lis pendens* was docketed, Debtor's case was dismissed and deferred to Housing court.

8. In 2021, Jasmine Arcos later petitioned to remove the trustees Lavin and Calabrese for malfeasance and breach of fiduciary duty. In a settlement they transferred the property to the Jasmine Arcos Irrevocable Trust, then it was later decanted in 2023 to the Philomena Trust.

9. The trustees began Housing Court eviction actions starting in 2021 and which were delayed due to COVID. When resumed, Debtor filed an Order to Show Cause citing the codicil and estate claim, but Housing Court ignored this and the documents being continually obfuscated by Arcos lawyers (who, nonetheless later then filed all

testamentary documents in Housing court after Debtor served his notice of bankruptcy, then quickly retracted the filings).

10. On April 21, 2025, Debtor filed this Chapter 13 rejecting any alleged rent or other claims by Arcos and asserting his estate claims as possible assets to pay his Plan. On April 24, 2025, Arcos's lawyer filed a Motion in Limine in Housing Court attaching the codicil, finally inadvertently confirming it is a probate matter better in Surrogate's court. Debtor then filed a Motion for Sanctions and counsel withdrew the filings.

11. On May 20, 2025, The Philomena Trust filed its Motion for Relief from the Automatic Stay (Dkt. 21) with a valid Certificate of Service. The original hearing date was July 8, 2025, making July 1, 2025 as the deadline for any opposition by Debtor.

12. On June 13, 2025, Movant filed an Amended Notice of Motion (Dkt. 24) setting a new hearing date for June 18, 2025 — ***only 5 days later*** — without Debtor's consent and without filing any motion to shorten time as clearly required under Fed. R. Bankr. P. 9006(c)(1) and EDNY LBR 9006-1(b).

13. The docket now shows that while Movant filed a Certificate of Service claiming the Amended Notice was mailed on May 22, 2025, that certificate was not filed until June 13, 2025 — the same date the Amended Notice itself was filed. This unexplained timing gap undermines any presumption of proper service under Bankruptcy Rule 7004(b). A motion for relief from stay is a contested matter under Bankruptcy Rule 9014(a), which requires that "unless the court directs otherwise, service of a motion in a contested matter must be made in the manner provided for service of a summons and complaint by Rule 7004.".

14. Nonetheless, Service must be "reasonably calculated" to inform the responding party within the time prescribed by law. A certificate of service filed weeks after the claimed

mailing date, without corroborating evidence or mailing logs, fails to establish that notice was timely, proper, or effective. Not surprisingly — and likely by design — Debtor never received the alleged mailing. The record shows no valid proof that timely service occurred for the changed hearing date, violating Fed. R. Bankr. P. 4001(a)(2) and fundamental due process.

15. Because Rule 7004(b) permits service by mail rather than personal service, courts uniformly require *strict compliance* with its terms as a jurisdictional prerequisite.

16. The Order granting relief from stay (Dkt. 25) was signed by this Court on June 20, 2025 after the hearing held on June 18, 2025. The docket confirms Debtor's Verified Combined Opposition (Dkt. 26) was filed on July 1, 2025, the original deadline date.

17. As of July 1, 2025, a Verified Petition to reopen the estate is now pending in Surrogate's Court and it is noted the Rosalie Arco estate was never closed.

### III.    LEGAL ARGUMENT

18. Debtor pray the Court to take notice of the docket and record herein and see Movant failed to comply with Fed. R. Bankr. P. 4001(a)(2) which mandates no final hearing earlier than 14 days without a proper motion to shorten time. It is clear that EDNY LBR 9006-1(b) required Debtor's consent *or* a Court order; neither exists.

19. The record shows a due process violation under FRCP 60(b)(4).  Debtor's Verified Opposition was filed timely for the original July 8, 2025 date but was cut off by the improper notice.

20. The codicil's validity is *exclusively* for Surrogate's Court under NY Constitution Art. VI, § 12 and SCPA § 1402.

21. The Trust's tactic to hide the probate of the will and codicil (that they are not named in) and reroute the issue through Housing Court and now a rushed bankruptcy order is wrongful.

### IV. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court:

A. Vacate the Order Granting Relief from Stay (Dkt. 25) and to consider and grant the Debtors Opposition and Motion to Vacate/Stay;

B. Reinstate the automatic stay for 144-63 25th Drive, Flushing, NY 11354;

C. Order Movant to serve all documents by certified mail or email;

D. Stay further proceedings pending Surrogate's Court determination; and

E. Grant any other relief the Court deems just.

### VERIFICATION

I, Jason Stone, declare under penalty of perjury under the laws of the United States that the statements above are true and correct to the best of my knowledge and belief.

Dated: July 3, 2025

/s/ Jason Stone
Jason Stone
Pro Se Debtor

### CERTIFICATE OF SERVICE

I certify that on July 3, 2025, I served this Motion and Notice via ECF and/or First-Class Mail if not registered to:

Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753

Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House

    One Bowling Green Room 510
    New York, NY 10004-1408

    Daniel R. Bernard, Esq.
    Attorneys for J Alexandra Arcos
    45 Route 25A, Suite A2
    Shoreham, New York 11786

I declare under penalty of perjury that the foregoing is true and correct.

                                                  /s/ Jason Stone
                                                  Jason Stone
                                                  144-63 25th Drive
                                                  Flushing, NY 11354
                                                  Debtor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                                                Chapter 13

Debtor.                                                                              Case No. 1-25-41900-ess

**[PROPOSED] <u>ORDER VACATING ORDER GRANTING RELIEF FROM STAY AND REIMPOSING AUTOMATIC STAY</u>**

Upon the motion of the Debtor, Jason Stone, appearing pro se, pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b), seeking to vacate the Order Granting Relief from Stay (Dkt. No. 25) entered on June 20, 2025, and to reinstate the automatic stay pending proper adjudication of Debtor's estate interests now before the Queens County Surrogate's Court; and the Court having reviewed the motion, any opposition, and all other pleadings and papers filed herein; and after due deliberation and sufficient cause appearing, it is hereby:

**ORDERED**, that the Order Granting Relief from Stay (Dkt. No. 25) is VACATED; and it is further

**ORDERED**, that the automatic stay pursuant to 11 U.S.C. § 362(a) is REIMPOSED as to the property located at 144-63 25th Drive, Flushing, NY 11354; and it is further

**ORDERED**, that all proceedings to recover possession of said property are hereby STAYED pending determination of Debtor's estate interests by the Queens County Surrogate's Court; and it is further

**ORDERED**, that the Court shall retain jurisdiction to enforce this Order and to grant any other and further relief as it deems just and proper.

DONE this _____ day of _____ 2025

Brooklyn, New York

                                                    _____
                                                    HON. ELIZABETH S. STONG
                                                    United States Bankruptcy Judge