**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                             Chapter 13

    Debtor.                                             Case No. 1-25-41900-ess

## NOTICE OF SUPPLEMENT MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

TO:

Joan M McGivern, Esq.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP
33 West Second Street
Riverhead, New York 11901
    *and*
Jasmine Arcos individually and as Trustee of the Jasmine Arcos Trust and J. Alexandra Arcos individually and as Trustee of the Philomena Trust
c/o
33 West Second Street
Riverhead, New York 11901
    *and*
Brian A. Campbell, Esq.
Kucker Marino Winisarsky &
Bittens LLP,
747 Third Avenue
12th Floor
New York, New York 10017

    PLEASE TAKE NOTICE that upon the annexed supplemental application and the accompanying exhibits, the undersigned will move this Court before the Honorable Judge Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, on August 19, 2025, at 10:30AM, or as soon thereafter as parties can be heard, for an order pursuant to 11 U.S.C. § 362(k) imposing sanctions against Joan M McGivern, Esq. individually and firm jointly, Brian A. Campbell, Esq. individually and firm jointly and Jasmine Arcos individually and as Trustee for named trusts for willful violation of the automatic stay.

Dated: ___7/31/2025_____

                                              Respectfully submitted,

                                              __s/ Jason Stone_____
                                              Jason Stone
                                              144-63 25th Drive
                                              Flushing, NY 11354
                                              Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                                                 Chapter 13

      Debtor.                                                                         Case No. 1-25-41900-ess

**SUPPLEMENTAL MOTION FOR SANCTIONS**
**AND APPLICATION IN SUPPORT**

      This Supplement provides newly discovered facts and evidence of continuing violations of 11 U.S.C. § 362(a) by Creditor J. Alexandra Arcos, through misuse of Housing Court filings after reinstatement of the automatic stay, and ongoing efforts to evade Surrogate's Court jurisdiction where her authority is properly at issue. These actions, taken by both her prior counsel Joan McGivern and new counsel Brian A. Campbell, constitute willful violations of the automatic stay and further justify the imposition of sanctions under § 362(k).

**FACTUAL BACKGROUND**

1.     On April 21, 2025, the debtor pro se filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2.     On April 23, 2025, a copy of the Notice of the Bankruptcy filing was provided directly to Joan M McGivern, Esq. and the law firm that represents creditor Jasmine Arcos individually and as Trustee for the named trusts. (Prior Exhibit A to Motion for Sanctions).

3.     April 24, 2025, Joan McGivern files in Housing court a Will and Codicil showing the possessory interests of Debtor (property claimed in Debtor's estate), not only enforcing Debtor's assertions that housing court was an improper forum but that eviction proceedings were wrongfully brought. See the prior Exhibit A filed with the motion for sanctions showing the Housing Court docket.  These filings are quickly withdrawn.

4.     On June 10, 2025 the date for the Housing Court trial, the stay was presumed valid at that time, but Arcos by and through McGivern, appears nonetheless and asks for an adjournment until July 18, 2025 to when they believe the stay will have been lifted and trial could resume.

5.     On June 12, 2025 McGivern files a Notice of Entry of the Order in the Housing court securing the July 18 trial and allegedly serves it upon Debtor.

6.     During June, Arcos by other counsel was busy obtaining an order for relief from the stay, which was vacated by Bankruptcy Court as defective on or about July 18, 2025 and the stay reinstated in full.

7.     On July 18, 2025, the date set for hearing in Housing court, Brian A. Campbell files a Substitution of Counsel and alleges Affidavits of Service in that court which is a violation to resume and prosecute litigation while stay in effect.

8.     As of present Debtor has received none of these filings and from prior behavior raises concerns of false certification to gain advantage.

9.     Despite receiving clear notice, McGivern, Campell and the creditor Arcos proceeded to continue their litigation in Housing Court to evict me from property that I ultimately have a property interest in (Surrogate's Court action is pending) which is a direct violation of the automatic stay. **Exhibit B** (Housing Court Docket)

*Misuse of Housing Court to Evade Surrogate's Jurisdiction*

10.    Arcos and her counsel continued to prosecute the Housing Court action despite knowledge that Surrogate's Court had primary jurisdiction over the estate and codicil. This behavior began in early 2022, when Debtor filed a *lis pendens* and related action in New York Supreme Court to assert his interest in the subject property. Because Arcos had already filed an eviction proceeding, the Supreme Court action was effectively inexplicably deferred in favor of the preexisting Housing Court case.

11.     Within Housing Court, Arcos, by counsel, deliberately failed to disclose the codicil challenge or the later filing of the Surrogate's Court probate proceeding. These omissions and misrepresentations reflect a coordinated effort to use Housing Court to effectuate possession in violation of Debtor's property rights and this Court's automatic stay.

*False Statements to This Court by Arcos's Prior Counsel*

12.     In her opposition to the initial Motion for Sanctions, Joan McGivern falsely represented to this Court that Petitioner had taken no further action in Housing Court following the bankruptcy filing. This was demonstrably false: a few days after having notice she filed a motion *in limine* in Housing court, she filed a Notice of Entry of Order in Housing Court on June 12, 2025 setting another eviction hearing, and had previously submitted the Will and Codicil into the Housing Court record (and quickly withdrew them, but proof is provided in Exhibit A of the Motion for Sanctions that those documents were on file). These actions were knowingly omitted in her filings with this Court.

*Continued Violation by New Counsel*

13.     On July 18, 2025, Brian A. Campbell, Esq. of Kucker, Marino, Winiarsky & Bittens LLP filed a Substitution of Counsel and Notice of Appearance in Housing Court. These filings constituted new litigation activity in the eviction proceeding while the automatic stay was fully reinstated. Campbell also submitted affidavits of service certifying mailing of those filings, though the Debtor has received none of them.  This is an obvious improper tactic to gain advantage.

14.     Now, with the bankruptcy stay reinstated and the codicil properly before the Surrogate's Court, Arcos and counsel has continued these tactics through filing new pleadings in Housing Court in open defiance of 11 U.S.C. § 362. This reflects a continued willful violation of the stay and potential misuse of parallel court process.

**LEGAL ARGUMENT**

15. Under 11 U.S.C. § 362(k), an individual injured by any willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

16. Courts in the Eastern District of New York have consistently held that actions taken in violation of the automatic stay warrant sanctions. For instance, in <u>In re Ebadi</u>, 448 B.R. 308 (Bankr. E.D.N.Y. 2011), it was stated "[o]nce a creditor becomes aware of the filing of a bankruptcy petition, it is incumbent upon the creditor to take no further action against the debtor or property of the estate. Failure to do so may give rise to damages…" *Id. at* 315. Also, the *Ebadi* court emphasized that willfulness under § 362(k) requires only knowledge of the stay and intentional acts, not bad faith.

**RELIEF REQUESTED**

The debtor respectfully requests that the Court:

A. Award actual damages in the amount proven at hearing.

B. Award any costs incurred in bringing this motion to be shown at hearing.

C. Award punitive damages in the amount of $2,500.00 due to the egregious nature of the violation.

D. Enjoin further prosecution of the Housing Court proceeding;

E. Order Arcos counsel to serve any and all other pleadings and notices by restricted delivery return receipt *or* by email with received response as proof of delivery

F. Grant such other and further relief as the Court deems just and proper.

Dated July 29, 2025.

Respectfully submitted,

　s/Jason Stone　　　
Jason Stone
144-63 25th Drive
Flushing, NY 11354
Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:
JASON STONE,                                               Chapter 13

    Debtor.                                              Case No. 1-25-41900-ess

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on __July 31, 2025_____, a copy of the annexed Supplemental Motion was served by ECF or for those unregistered, by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon:

    Krigts M Preuss                    US Trustee
    Chapter 13 Trustee
    100 Jerico Quadrangle Ste 127
    Jerico, NY 11753

    Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP
    Attn: Joan M McGivern, Esq.
    33 West Second Street
    Riverhead, New York 11901

    Jasmine Arcos individually and as Trustee of the Jasmine Arcos Trust and J. Alexandra Arcos individually and as Trustee of the Philomena Trust
    c/o Daniel Robert Bernard
    dbernard@bernardestateplan.com

    Brian A. Campbell, Esq.
    Kucker Marino Winisarsky &
    Bittens LLP,
    747 Third Avenue
    12th Floor
    New York, New York 10017

                                  _____s/ Jason Stone_____
                                  Jason Stone
                                  144-63 25th Drive
                                  Flushing, NY 11354
                                  Debtor