**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In Re:                                    Chapter 13
                                          Case No. 1-25-41900-ess
**JASON STONE,**

                                    **Debtor.**

-------------------------------------------------------------x

**OBJECTION OF J. ALEXANDRA ARCOS AS TRUSTEE OF**
**THE PHILOMENA TRUST TO DEBTOR'S MOTION TO**
**VACATE ORDER MODIFYING THE AUTOMATIC STAY**

TO:    THE HONORABLE ELIZABETH S. STONG,
         UNITED STATES BANKRUPTCY JUDGE:

J. Alexandra Arcos as trustee (the "Trustee") of the Philomena Trust (the "Trust"), by Daniel Bernard, Esq, ("Bernard"), as and for her objection to that portion of Debtor's motion to seeking to vacate an order modifying the automatic stay [ECF Doc. #27] (the "Motion"), respectfully represents, upon information and belief, as follows:

## BACKGROUND

1. The Trust is the current owner of real property known as and located at 144-63 25th Drive, Flushing, New York 11354 (the Property"). The Property is currently owned by the Philomena Trust (the "Trust"). The current trustee of the Trust is the Trustee.

2. On May 4, 2021, an action was commenced in the Queens County Civil Court-Landlord Tenant Division against Debtor seeking to have Debtor removed from the property located at 144-63 25th Drive, Flushing, New York 11354 (the "Property"). On April 20, 2025 (the "Petition Date"), two days before a trial was to occur in the Queens County Civil Court-Landlord Tenant Division, the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United

States Code (the "Bankruptcy Code").

3. On May 20, 2025, the Trustee filed a motion for relief from the automatic stay provisions of section 362(a) of the Bankruptcy Code to permit her to continue prosecution of the Holdover Proceeding through its conclusion.

4. At the hearing held in connection with the Lift Stay Motion on June 18, 2025 (the "Lift Stay Hearing", this Court granted the Lift Stay Motion. On June 20, 2025, this Court entered an order [ECF Doc. #25], a copy of which is attached hereto as **Exhibit "A"** (the "Lift Stay Order"), modifying the automatic stay to permit the Trustee "to pursue her rights under applicable law with respect to the real property commonly known as 144-63 25th Drive, Flushing, New York 11354."

## ARGUMENT

### The Debtor's Motion to Vacate Should be Denied

5. The Motion to Vacate, as well as the Debtor's objection to the Lift Stay Motion dated July 1, 2025 [ECF Doc. #26] (the "Objection"), should be rejected by this Court since they were filed after this Court entered the Lift Stay order on June 20, 2025. The Debtor had adequate notice of the Lift Stay Motion yet did not appear at the hearing held before this Court on June 18, 2025, at which time this Court granted the Lift Stay Motion.

6. By filing the Motion to Vacate and Objection, the Debtor is attempting to collaterally attack the Lift Stay Order, which is a final order of this Court. The only legal support for his attempt to do so is section 105 of the Bankruptcy Code which does not provide a basis for his relief.

7. The Debtor has relied on a fraudulent Codicil that he alleges Rosalie Arcos signed, which he alleges gives him an equity interest in the Property. The Debtor has no equity interest in the Property he alleges was left to him in the Codicil, because the Property has been held in trust

since June 21, 2010.

8.      This Court also has before it an earlier motion seeking to impose sanctions against Joan M McGivern, Esq. individually and her law firm jointly and creditor Jasmine Arcos individually [ECF Doc. #17] (the "First Sanctions Motion"). On May 30, 2025, Attorney McGiven filed an affidavit in opposition to the First Sanctions Motion (the "First Sanctions Objection"). A copy of the First Sanctions Objection is attached hereto as **Exhibit "B"** and incorporated herein as the Trustee's basis for objection to the First Sanctions Motion, to the extent necessary.

**WHEREFORE**, for the reasons set forth herein and in the prior pleadings filed by the Trustee in this case, the Trustee respectfully requests that the Court: (i) deny the First Sanctions Motion; (ii) deny the Motion to Vacate; and (iii) grant the Trustee such other relief as is just and proper under the circumstances.

**DATED:**     Shoreham, New York
               August 12, 2025

                BERNARD LAW P.C.

                *By:lsl Daniel R. Bernard*
                Daniel R. Bernard, Esq. (DB 4186) Attorneys for J Alexandra Arcos 45 Route 25A, Suite A2 Shoreham, New York 11786
                (631) 378-2500
                dbernard@bernardestateplan.com